Curia, per
Nott, J.
The only difficulty which has presented itself to the court in this case, has arisen from certain irregularities which occurred in the progress of the cause. The only object of the bill was to subject the estate of the testator to the payment of a certain debt, which it is alleged was contracted for the benefit of the estate; and for which the defendant, as executor, has made himself personally liable. The legatees, or *next of kin to the testator, are not made parties. They are not called upon to contribute. It is not alleged that there is not property enough in the hands of the executor unadministered to pay the debt. It is not alleged that the executor has paid over the estate, or indeed any part of the estate to the persons interested in the distribution. The simple question, therefore, for the consideration of the chancellor was, whether the estate was properly chargeable with this debt. The order of reference of February, 1825, directing- the commissioner to make enquiry and report the evidence in relation to that question, ivas unquestionably correct and proper. But the other part of the order related to matters not embraceed in the bill; and went to involve the interests of persons not parties to the proceedings. That part of the order, therefore, and all the proceedings upon it, must be reversed. The persons ultimately interested in the distribution of the estate have an interest in the payment of this debt, as it goes to diminish the dividends which they will receive. But they have the same interest in every debt which the executor is called upon to pay. If the executor is wasting the estate, or if he is entering into collusion with the complainant to impair their rights, they have their remedy. But it does not belong to the court to volunteer its aid unasked upon the presumption that they are entitled to such relief.
This view of the subject disposes of the two first grounds of the appeal. Indeed it disposes of the whole case. For as it regards the executor, he admits all the allegations in the bill, and is satisfied with the decree. And the court cannot entertain an appeal at the instance of persons not parties to the proceedings. The decree cannot affect them except in the manner abovementioned, and in which they cannot have relief without being made parties, which they have not asked. But I apprehend that the mere circumstance of the executor having *liquidated demand, cannot exempt the estate from the pay-merit of a debt otherwise chargeable upon it. The executor as trustee to trust estate. Carter v. Eveleigh, 4 Desaus. Rep. 19. James v. Mayrant, 4 Desaus. Rep. 591. Montgomery v. Eveliegh, 1 M’Cord’s Cha. Rep. 267.
The counsel appear to consider this as a decree against the legatees ; and taken with reference to the proceedings as they originally stood in connection with the reports of the commissioner, it might have admitted of that construction. But modified as the proceedings now are, it can only affect the estate of the testator in the hands of the executor to be administered; and as such must be affirmed.
It is, therefore, ordered and decreed that the decree of the chancellor be affirmed, so far as it went to charge the estate of the deceased in the hands of the defendant as executor.

Decree modified.